CARLOS RAMÓN FRANCESCHI ET AL., Plaintiffs and Appellees, v. MUNICIPALITY OF JUANA DÍAZ ET AL., Defendants and Appellants.

No. R-63-63.     Decided May 15, 1963.

*Rodolfo Cruz Contreras, Acting Solicitor General*, and *Jenaro Marchand, Assistant Solicitor General*, for appellants. *William Morales Torres* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: On June 25, 1962 the Superior Court, Ponce Part, rendered judgment dismissing the claim for damages filed by Carlos Ramón and Ángel Miguel Franceschi, appellees herein, against the Municipality of Juana Díaz, the Commonwealth of Puerto Rico and the Land Authority. Copy of the notice of the judgment was filed in record the following 26th. Seven days later plaintiffs, expressly invoking the provisions of Rule 47 of the Rules of Civil Procedure of 1958, moved for reconsideration of the judgment relying on the opinion rendered by this Court in *Morales* v. *Castro*, 85 P.R.R. 275 (1962). It was not until nine days had elapsed from the filing of this motion—July 12—that the trial judge set it for hearing. This hearing—originally set for July 20—was postponed to August 3 when the trial court in open court entered an order setting aside the judgment and setting a new hearing to receive evidence on a specific fact. Lastly, on February 11, 1963, it rendered another judgment sustaining the complaint as to the Commonwealth only, ordering it to pay the total amount of $2,600.

At the request of the Commonwealth we issued a writ of review. Appellant maintains that respondent court lacked jurisdiction and authority in law to reconsider on August 3, 1962, the judgment rendered on June 25, since the latter had already become final. Appellant is right. According to Rule 47 *supra, within five days after the filing* of a motion for reconsideration of judgment the court may elect one of two courses of action: it shall deny the same outright or set a hearing to hear the parties. However, if it fails to take action within the aforesaid 5-day period, such motion *"shall be deemed to have been denied outright."* The consequences of the court's action in connection with the term for requesting review of the judgment are different, since if it denies the same outright such term shall be deemed not to have been interrupted; if a hearing is set to hear the parties, the term shall run from the filing of a copy of the notice

of the order entered by the court passing upon the motion definitively.

Although in the instant case the court set a date to hear the parties, it did so after the expiration of the 5-day period granted by Rule 47, when by express statutory provision the motion was deemed to have been denied outright. Under such circumstances, the moving party could not depend on the setting and if he wished to review the judgment, he was bound to file the corresponding proceeding in this Court within the uninterrupted 30-day term.

In their motion of opposition appellees characterize their motion of July 3 as having been filed under Rule 49.2 to set aside the judgment. As stated hereinabove, express reference is made in the motion to Rule 47. But, even after a close examination thereof in the manner most favorable to the moving party, we could never agree that the allegations set forth can be considered as sufficient to support a motion for relief from judgment under any of the six subdivisions of Rule 49.2.

The judgment rendered by the Superior Court, Ponce Part, on February 11, 1963 will be reversed.